Andrew T. Oliver (Cal Bar No. 226098)
Michael C. Ting (Cal Bar No. 247610)
AMIN, TUROCY & WATSON LLP
160 West Santa Clara Street, Suite 975
San Jose, CA  95113
Telephone: 650-393-0634
Email:  aoliver@ATWiplaw.com
            mting@ATWiplaw.com

Perry S. Clegg (*pro hac vice application pending*)
KUNZLER BEAN & ADAMSON, PC 50
W. Broadway, Suite 1000
Salt Lake City, UT 84101
Tel.: (801) 994-4646
Fax: (801) 531-1929
Email:  pclegg@kba.law

Attorneys for Plaintiffs
Freelancer Technology Pty Limited and
Freelancer International Pty Limited

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREELANCER TECHNOLOGY PTY LIMITED and FREELANCER INTERNATIONAL PTY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>UPWORK INC. and UPWORK GLOBAL INC.,<br><br>Defendants. | Case No. 5:20-cv-06132-KAW<br><br>**PLAINTIFFS'** ***EX PARTE*** **MOTION FOR EXPEDITED DISCOVERY**<br><br>Date:  TBD<br>Time:  TBD<br>Courtroom:  TBD<br>Judge:  Hon. Kandis A. Westmore<br><br>**DEMAND FOR JURY TRIAL** |

## I.     NOTICE OF MOTION – CIVIL L.R. 7-2(B)(2)

Please take notice that on a date and time to be determined by the court, and in a location to be determined by the court, Plaintiffs Freelancer Technology Pty Limited ("Freelancer Tech.") and Freelancer International Pty Limited ("Freelancer Intl.") (collectively "Plaintiffs" or "Freelancer") will and hereby move this Court for expedited discovery in conjunction with their *ex parte* Motion for Temporary Restraining Order and for Order to Show Cause Why Preliminary Injunction Should Not Be Issued ("TRO Motion") against Defendants Upwork Inc. and Upwork Global Inc. (collectively "Upwork"), which is being filed concurrently with the instant motion.

## II.    CONCISE STATEMENT OF RELIEF – CIVIL L.R. 7-2(B)(3)

Freelancer seeks an *ex parte* order directing Defendants (and those acting in concert with them) to provide expedited limited discovery in connection with Defendants' unauthorized use of Plaintiffs' "Freelancer" trademark.

## III.   EX PARTE AUTHORITY – CIVIL L.R. 7-10

Pursuant to Civil L.R. 7-10, Plaintiffs' are authorized to file the current motion.  Fed. R. Civ. Procedure 26(d)(1) states:   A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

A copy of this motion will be emailed to Aurora Kaiser, Associate General Counsel for Defendants immediate following filing.

## IV.    INTRODUCTION

In this case Freelancer seeks to stop Upwork's unlicensed, unauthorized, and improper use of the "FREELANCER" trademark.  Among its bad acts, Upwork seeks to confuse customers and consumers into believing they are using Plaintiffs' software and platform, when in fact, they are using Upwork's software and platform, which make extensive, unauthorized use of the "FREELANCER" trademark.  As set forth in Freelancer's Complaint and Motion for Preliminary Injunction, Upwork has,

for months, stalled and evaded Freelancer's complaints and requests to cease and desist in using the "FREELANCER" mark.

Upwork's failure to provide any substantive response or explanation for its use underscores the likelihood that Upwork plans to continue its infringement. Freelancer is concerned that Upwork will simply continue to use the Freelancer mark throughout its software and platform, causing confusion among both the consumers and customers that use Plaintiffs' and/or Defendants' goods and services, all while relying on the resources, time and energy Freelancer has used to create its products, register its Trademarks, and develop good will. Thus, Freelancer requests expedited discovery that may be used to support its preliminary injunction motion and to preserve evidence regarding Upwork's infringement and continued use of the "FREELANCER" mark, even after being asked to cease and desist by Freelancer.

Given Upwork's refusal to even discuss this matter with Freelancer, Freelancer seeks limited expedited discovery from Upwork in order to present its motion for a preliminary injunction on a more fully developed record.

## V. STATEMENT OF FACTS

Plaintiffs incorporate by reference the facts alleged in their Memorandum in Support of their Motion for Preliminary Injunction, the factual allegations in Plaintiffs' Complaint, and in the supporting declarations filed in support of the motion.

## VI. ARGUMENT

Federal Courts have broad discretion to expedite discovery for good cause. *In re Countrywide Fin. Corp. Derivative Litig.,* 542 F. Supp. 2d 1160 (C.D. Cal. 2008); Fed. R. Civ. P. 26(d), 34(b); *Semitool Int'l, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* (*Semitool*) at 276.

Courts commonly consider the following factors in determining the reasonableness of expedited discovery requests: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the

3

Plaintiffs' Ex Parte Motion for Expedited Discovery
Case No. 5:20-cv-06132-KAW

defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (*citing Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C.2006)).

In the current matter, all the relevant factors favor the allowing Freelancer the limited expedited discovery it seeks. Furthermore, the "consideration of the administration of justice[] outweighs the prejudice to the responding party." *Semitool,* 208 F.R.D. at 276.

> a. **Plaintiff's expedited discovery requests are narrowly tailored to determine the extent of Defendants' infringement', the persons responsible for the infringement, confusion caused by Defendants' use of the "FREELANCER" mark, impose minimal burdens on Defendants, and may help the Court rule on the pending preliminary injunction motion.**

Under all five relevant factors, this Court should allow Plaintiffs the limited, expedited discovery sought. The proposed discovery does not impose any significant burden on Defendants. The proposed discovery consists of seven requests for production (Exhibit A to the proposed order), eight interrogatories (Exhibit B to the proposed order), and five requests for admission (Exhibit C to the proposed order). The requests for production simply seek documents and things which will show the circumstances behind Defendants' decision to use the "FREELANCER" mark and the scope of Defendants' infringement. *See* Exhibit A. The interrogatories also seek information regarding the scope of Defendants' use of the "FREELANCER" mark, along with information regarding Defendants' first awareness of the "FREELANCER" mark and evidence of actual confusion caused by Defendants' infringement. *See* Exhibit B. Finally, the requests for admission simply ask Defendants to admit their awareness of the "FREELANCER" mark during various times and that Defendants are aware of at least one instance of confusion between Plaintiffs and Defendants. *See* Exhibit C.

> i. **The limited expedited discovery may aid in the resolution of Plaintiffs' pending motion for a preliminary injunction.**

The first factor, whether a preliminary injunction motion is pending, weighs in favor of expedited discovery. Good cause for limited expedited discovery can exist based on a party seeking a preliminary injunction. *See, e.g., Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419

(D. Colo. 2003); *Healthy Harvest Berries, Inc. v. Rodriquez,* 2014 U.S. Dist. LEXIS 30902 (E.D. Cal. March 10, 2014).

The limited discovery sought by Plaintiffs may assist the Court in resolving Plaintiffs' preliminary injunction motion. Based on public information, Plaintiffs believe they are entitled to both a temporary restraining order and a preliminary injunction. The discovery sought by Plaintiffs will further assist in demonstrating just how widespread Defendants' use of the "FREELANCER" mark truly is, uncover actual confusion experienced by users of Defendants' mobile application, and assist in determining whether Defendants' decision to utilize the "FREELANCER" mark was intentional and calculated.

### ii. The requested discovery is limited in breadth.

The second factor, limited breadth of discovery sought, weighs in favor of expedited discovery. As stated above, the limited discovery sought by Plaintiffs is limited to seven requests for production, eight interrogatories, and five requests for admission. *See* Exhibits A, B, C. Not only are there only 20 total written discovery requests, the breadth of the discovery sought is limited to issues directly relevant to Plaintiff's motion for a preliminary injunction. Specifically, the written discovery requests are tailored towards identifying issues that may help the Court decide the motion for permanent injunction. The breadth of these requests is narrowly aimed at obtaining details and facts surrounding (a) the scope of Defendants' infringement, (b) any confusion Defendants have caused to consumers and customers, and (c) the timeframe of Defendants' decision to use the "FREELANCER" mark without authorization from Plaintiffs.

### iii. The purpose for requesting the limited expedited discovery counsels in favor of allowance.

The third factor, purpose for requesting expedited discovery, weighs in favor of expedited discovery. Plaintiffs seek limited expedited discovery in order to support their pending motion for a preliminary injunction. As shown in both Plaintiffs' Complaint and Motion for Preliminary Injunction, Plaintiffs have invested significant time researching publicly available information in order to protect their intellectual property. As shown in both the Complaint and Motion for Preliminary Injunction,

significant evidence of Defendants infringement of the "FREELANCER" mark is publicly available. The discovery sought by Plaintiffs is expected to assist the Court in ruling on the preliminary injunction by providing additional details and facts surrounding the scope of Defendants' infringement, the confusion Defendants have caused to consumers and customers, and the timeframe of Defendants' first decision to use the "FREELANCER" mark without authorization from Plaintiffs.

### iv.  Plaintiffs limited discovery requests are minimally burdensome to Defendants

The fourth factor, burden to Defendants, weighs in favor of expedited discovery.  As set forth above, the discovery requested by Plaintiffs is limited to 7 requests for documents, 8 interrogatories, and 5 requests for admission.  *See* Exhibits A, B, C.  More importantly, the discovery requested by Plaintiffs' are narrowly tailored and focused on the key issues of the scope of Defendants' use the "FREELANCER" mark, Defendants' knowledge of the "FREELANCER" mark, consumer and customer confusion, and Defendants' first awareness of the "FREELANCER" mark.  Moreover, Plaintiffs have attempted to resolve this matter with Defendants for months, in an effort to reach an amicable result.  Defendants are thus aware that a lawsuit is imminent and that the limited discovery requested by Plaintiffs should come as no surprise.

### v.  The requested discovery is not being served far in advance of the typical discovery process.

The fifth factor, whether the discovery is far in advance of the typical schedule, weighs in favor of expedited discovery.  Under normal circumstances, a party may commence discovery anytime after a case management conference is held.  Fed. R. Civ. P. 26, 30.  In this case, Plaintiffs are contemporaneously filing the Complaint, Motion for Preliminary Injunction, and the present motion for limited expedited discovery.  Moreover, Defendants are located within the Northern District of California.  Thus, service of the complaint should not cause any delays that would unduly delay the case management conference.  Finally, Plaintiffs are likely to be prejudiced if they must wait until after the case management conference to serve the discovery, because the preliminary injunction should be heard quickly, and the written discovery requested is expected to assist this Court in deciding the motion.

6

Plaintiffs' Ex Parte Motion for Expedited Discovery
Case No. 5:20-cv-06132-KAW

## VII. CONCLUSION

All of the five factors that are typically considered weigh in favor of granting expedited discovery to Plaintiffs. To be useful for the preliminary injunction hearing, an expedited response will be needed as well. Accordingly, Plaintiffs have prepared a proposed order identifying the requested discovery and setting an expedited response period.

Based on the foregoing and the proposed order filed herewith, Plaintiffs respectfully request that the Court grant this motion for expedited discovery and enter the accompanying proposed order.

Respectfully Submitted,

Dated: August 31, 2020

By: ___/s/ *Andrew T. Oliver*___
ANDREW T. OLIVER

Andrew T. Oliver (Cal Bar No. 226098)
Michael C. Ting (Cal Bar No. 247610)
AMIN, TUROCY & WATSON LLP
160 West Santa Clara Street, Suite 975
San Jose, CA 95113
Telephone: 650-393-0634
Email: aoliver@ATWiplaw.com
      mting@ATWiplaw.com

Perry S. Clegg (*pro hac vice application pending*)
KUNZLER BEAN & ADAMSON, PC
50 W. Broadway, Suite 1000
Salt Lake City, UT 84101
Tel.: (801) 994-4646
Fax: (801) 531-1929
Email: pclegg@kba.law

Attorneys for Plaintiffs
Freelancer Technology Pty Limited and
Freelancer International Pty Limited