1  KATHRYN J. FRITZ (CSB No. 148200)
   kfritz@fenwick.com
2  FENWICK & WEST LLP
   555 California Street, 12th Floor
3  San Francisco, CA 94104
   Telephone:     415.875.2300
4  Facsimile:     415.281.1350

5  MEGHAN E. FENZEL (CSB No. 324139)
   mfenzel@fenwick.com
6  FENWICK & WEST LLP
   801 California Street
7  Mountain View, CA 94041
   Telephone:     650.988.8500
8  Facsimile:     650.938.5200

9  Attorneys for Defendants
   UPWORK INC. and UPWORK GLOBAL INC.

10

11            UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

14  FREELANCER TECHNOLOGY PTY          Case No.: 3:20-cv-06132-SI
    LIMITED and FREELANCER
15  INTERNATIONAL PTY LIMITED,         **OPPOSITION TO PLAINTIFFS'**
                                       **MOTION TO SHORTEN TIME FOR**
16              Plaintiffs,            **BRIEFING AND HEARING ON**
                                       **PLAINTIFFS' MOTION FOR**
17       v.                            **PRELIMINARY INJUNCTION**

18  UPWORK INC. and UPWORK GLOBAL INC.,
                                       Judge: Hon. Susan Illston
19              Defendants.            Date Action Filed: August 31, 2020

20       In the competitive market of companies pairing freelancers with freelancing work, one

21  company seeks to block its competitor Upwork from using the generic, English word "freelancer"

22  to refer to these workers. Not surprisingly, Upwork and its predecessor companies have used this

23  word for the past two decades. Yet Plaintiffs are asking this Court for an emergency order to shut

24  down a significant portion of Upwork's operations based entirely on its use of this generic term,

25  "freelancer."

26       There is nothing urgent about this matter. Plaintiffs have failed to treat it urgently. Instead,

27  the application they complain about has been live on the iOS App Store since January 2019,

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

Plaintiffs' CEO admits that he became aware of the particular use of "freelancer" at issue in March 2020, and Plaintiffs' sole contact with Upwork about this dispute was nearly four months ago. (*See* Dkt. 8, Barrie Decl. ¶ 16; *see also* Compl. ¶ 35; Fritz Decl. ¶ 3). But Plaintiffs suddenly have decided that Upwork's use of "freelancer" is an urgent matter worthy of a significant amount of the Court's resources to decide their slew of motions seeking immediate and expedited relief. After months of silence, they gave Upwork less than three hours' notice, providing no opportunity to meet and confer as required by the Local Rules. (*See* Dkt. 12; Civil L.R. 6-3(a), 37-1(a)). Yet Plaintiffs, also admittedly, did nothing for months. *See id.* This matter does not warrant shortened briefing and hearing, or a TRO for that matter.

Moreover, the stakes are high. Not only are Plaintiffs asking this Court to issue an immediate, *ex parte* temporary restraining order and an expedited hearing on its preliminary injunction against Upwork's use of the industry-standard generic term "freelancer," but they are also requesting the Court take the extraordinary measure of shutting down Upwork's operations on this basis. (*See* Dkt. 7). In both cases, Plaintiffs have utterly failed to make the requisite showing for such extraordinary relief, and their requests should be denied. A dispute that attempts to stop a competitor in the business of connecting freelancers with jobs from using the word "freelancer," an industry standard term, has no merit on its face. The Supreme Court has explained that the circumstances justifying the issuance of an *ex parte* temporary restraining order are extremely limited. *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1094 (N.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-439 (1974)).

Upwork opposes Plaintiffs' Motion to Shorten Time, (Dkt. 12), under Civil Local Rule 6-3(b) when Plaintiffs had months to put together the over 100 pages of applications they filed with the Court four days ago. Instead, Upwork proposes that a separate temporary restraining order proceeding is unnecessary here and asks the Court to set a schedule for the preliminary injunction request that affords Upwork a meaningful opportunity to respond while permitting Plaintiffs a prompt hearing. Upwork proposes a three-week timeframe for: (1) the parties to meet and confer on any discovery and either submit a stipulation or discovery motions and (2) Upwork to respond

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    to the preliminary injunction motion.

2    **I.    FACTUAL BACKGROUND**

3         Upwork and Freelancer Limited are competitors in the market for software platforms that

4    match freelancers with freelancing jobs. (*See* Compl. ¶¶ 45, 50). Since its inception, Upwork has

5    consistently used the generic terms "freelance," "freelancer," and "freelancing" to describe the

6    market it serves. (*See* Fritz Decl. ¶¶ 5-9, Exs. A-D). The Upwork for Freelancers mobile app

7    launched in January 2019. (*See id.* ¶ 7, Ex. C). After years of competition, Plaintiffs first

8    attempted to contact Upwork regarding its use of the word "freelancer" on April 1, 2020. (*See*

9    Compl. ¶ 35). Plaintiffs' initial messages were misdirected, but they connected with Upwork's

10   legal team on May 14, 2020, and Upwork replied the same day. (*See id.* ¶¶ 35-40; *see also* Oliver

11   Decl., Dkt. 9, ¶¶ 3-4, Exs. 2, 3). Plaintiffs acknowledge that this all occurred during the COVID-

12   19 pandemic and related office shutdowns. (*See* Compl. ¶¶ 69, 89).

13        After a few months' silence, Upwork received a message around 3:00 p.m. on August 31,

14   2020 that Plaintiffs were commencing this action and moving for a temporary restraining order.

15   (Fritz Decl. ¶ 2). Upwork's counsel reached out to Plaintiffs' counsel that evening and the next

16   day, but Plaintiffs provided no meaningful opportunity to confer before filing their motions. (*See*

17   Fritz Decl. ¶ 2; Compl. ¶ 40; Dkt. 1, 6, 7, 11, 12).

18        Plaintiffs' Complaint and request for injunctive relief to stop Upwork from using the term

19   "freelancer" both rely on a trademark registration for different goods and services than those that

20   are the focus of its action here – *e.g.*, "downloadable computer software for use in website

21   authoring…", "online retail store services…", "electronic payment services…", and "dispute

22   resolution services." (*See* Compl. ¶¶ 29-32). Not surprisingly, Plaintiffs do not claim a

23   registration that gives them exclusive rights to use "freelancer" for work services for freelancers.

24   They cannot. It is a generic term in these circumstances. While Plaintiffs might use their

25   registration to try to stop a party from using "freelancer" with respect to electronic payment or

26   dispute resolution services, they cannot preclude those who connect freelancers with work, such

27   as Upwork, from using "freelancer." Plaintiffs are not entitled to a temporary restraining order.

28        Plaintiffs' Motion to Shorten Time also seeks to expedite the hearing date and briefing

Fenwick & West LLP
Attorneys at Law

schedule for its preliminary injunction motion to two weeks after its filing date. (*See* Dkt. 12 at 2, 4). The relief Plaintiffs seek and this expedited schedule are unwarranted on the merits.

## II.   LEGAL STANDARD

Rule 65(b) provides that a temporary restraining order may issue without notice only when the movant shows "immediate and irreparable injury" and a basis why notice is not required. A preliminary injunction motion is subject to a normal briefing schedule absent a request for shortened time. *See* Civil L.R. 7-2(a); *also* Fed. R. Civ. P. 65(b)(3).

A plaintiff's delay in seeking preliminary injunctive relief "implies a lack of urgency and irreparable harm," and justifies denial. *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (quoting *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)); *see Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (outlining the factors to weigh for preliminary injunctive relief) . The "very few" circumstances justifying an *ex parte* TRO in the trademark infringement context include an alleged infringer who is likely to dispose of infringing goods before the hearing. *Rovio Entm't*, 907 F. Supp. 2d at 1094. Plaintiffs have shown neither urgency nor irreparable harm here.

Nor have Plaintiffs demonstrated good cause for an expedited briefing and hearing schedule. A request to shorten time to respond to a TRO and preliminary injunction motion, as Plaintiffs seek, is governed by Local Rule 6-3, which requires Plaintiffs to establish good cause for the request, reasonable efforts were made to obtain a stipulation to the time change, and substantial harm or prejudice will result. L.R. 6-3(1). Plaintiffs cannot meet this burden.

## III.   ARGUMENT

As an initial matter, even if Plaintiffs could preclude another company that places freelancers with positions from using the generic word "freelancer," this dispute is not urgent and does not warrant extraordinary relief. *See, e.g.*, *Garcia*, 786 F.3d at 746; *Oakland Tribune*, 762 F.2d at 1377 (requiring plaintiffs to show irreparable harm will result if immediate relief and expedited hearing not granted). Instead, this is a trademark dispute over competitors' longstanding and customary practices. (*See* Dkt. 12 at 3). Not only has Upwork competed with Plaintiffs in providing an online platform for freelancers for years, but Upwork launched the

FENWICK & WEST LLP
ATTORNEYS AT LAW

current iteration of its mobile apps in January 2019. (*See* Compl. ¶¶ 45, 47; Fritz Decl. ¶¶ 5, 7 Ex. C). According to their allegations, Plaintiffs took issue with some aspect of Upwork's goods and services on April 1, 2020. (*See* Compl. ¶ 35). But these uses were not new, and Plaintiffs' papers do not assert that they were. (*See also* Fritz Decl. ¶ 5). Rather, the uses had been in place for months and years prior. (*Id.* ¶ 7, Ex. C). Plaintiffs then waited five months to seek any relief from this Court. (*See* Dkt. 1, 7). After this long silence, Plaintiffs gave Upwork minutes before it filed voluminous papers, manufacturing an emergency where none existed. Plaintiffs may not sit idly by watching a competitor succeed and then claim that their request warrants extraordinary and urgent relief. This delay alone dooms Plaintiffs' claim to irreparable harm without immediate relief and expedited hearing. *See, e.g.*, *Rovio Entm't*, 907 F. Supp. 2d at 1097 (plaintiff's six-month delay in requesting a TRO "militates against its issuance" in contrast to several other successful TROs sought urgently by parties mere days after the alleged harm).

Yet the question currently before this Court is whether this motion should be expedited because Plaintiffs are entitled to some extraordinary remedy that requires urgency. The answer is no, and Plaintiffs have not shown otherwise. Plaintiffs have not shown good cause for the request where they delayed months without acting. *See* Fritz Decl. ¶ 3. Contrary to any reasonable effort to obtain a stipulation, Plaintiffs' counsel made his request mere hours before filing. Fritz Decl. ¶ 2. And Plaintiffs cannot establish substantial harm where they take issue with Upwork's use of the generic term "freelancer," used to describe Upwork's application directed at actual freelancers. *See Rovio Entm't*, 907 F. Supp. 2d at 1094. Any motion for relief here should be heard on a normal briefing schedule, with a hearing date set on a date agreed upon by the parties, as required under this Court's rules. Standing Order ¶ 1; Civil L-R 7-2(a). Should the Court set an alternative schedule, Upwork respectfully requests that the Court consider Upwork's counsel's weeklong personal conflict and adjust the opposition filing date accordingly.

## IV.     CONCLUSION

This case is not urgent and does not warrant expedited treatment. Upwork respectfully requests that the Court deny Plaintiffs' adopt a briefing schedule that enables both parties to adequately defend their legal interests.

Dated:    September 4, 2020

FENWICK & WEST LLP

By: *s/ Kathryn J. Fritz*
      Kathryn J. Fritz

Attorney for Defendants UPWORK INC. and
UPWORK GLOBAL INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW