KATHRYN J. FRITZ (CSB No. 148200)
kfritz@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

MEGHAN E. FENZEL (CSB No. 324139)
mfenzel@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

Attorneys for Defendants
UPWORK INC. and UPWORK GLOBAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FREELANCER TECHNOLOGY PTY LIMITED and FREELANCER INTERNATIONAL PTY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>UPWORK INC. and UPWORK GLOBAL INC.,<br><br>Defendants. | Case No.: 3:20-cv-06132-SI<br><br>**OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY**<br><br>Judge: Hon. Susan Illston<br>Date Action Filed: August 31, 2020 |

In Plaintiffs' sudden efforts to stop their long-time competitors in the freelance talent platform market from using the English word "freelancer," they also ask to expedite discovery. (*See* Dkt. 11). Plaintiffs cannot demonstrate the good cause necessary to expedite discovery here. The discovery requests Plaintiffs propose are not narrow or limited. (*See* Dkt. 11-1, 11-2, 11-3). Rather, Plaintiffs filed their request for sweeping discovery without conferring and before even serving defendants Upwork Inc. and Upwork Global Inc. with the Complaint. (Declaration of Kathryn J. Fritz in Support of Opposition to Plaintiffs' Motion to Shorten Time and Expedite Discovery "Fritz Decl.", ¶ 2). Moreover, they make this request while acknowledging that "public

information" would be sufficient for the Court to rule on their motions. (Dkt. 11 at 5-6).

Plaintiffs various motions were filed with minimal or no notice, creating a "rush" of Plaintiffs' doing and creating an unrealistic briefing schedule. By their own admission, Plaintiffs waited five months since they took issue with Upwork's use of the word "freelancer" to bring this lawsuit. (*See* Complaint ¶ 35). Plaintiffs allowed the entire summer to go by between their *only received* communication with Upwork and their flurry of filings on August 31, 2020. (*See* Complaint ¶ 40; Fritz Decl. ¶ 3). Now, they seek to give Upwork minimal time to defend against the unfounded, but serious, allegations in their papers. Given Plaintiffs' willingness to allow months to pass before pursuing their claims, Upwork requests that the Court set a reasonable discovery schedule in accordance with Federal Rule of Civil Procedure 26 that gives Upwork a meaningful opportunity to investigate Plaintiffs' claims and respond to their allegations.[1]

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(d), a party may not seek discovery until the parties have conferred as required by Rule 26(f). Courts may allow for expedited discovery before a 26(f) conference upon a showing of good cause. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* However, expedited discovery is "not automatically granted merely because a party seeks a preliminary injunction." *Id*. Indeed, expedited discovery is inappropriate where plaintiffs have "not articulated any specific missing evidence essential for injunctive relief." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1100 (N.D. Cal. 2012). When assessing whether expedited discovery is appropriate in the preliminary injunction context, courts assess interest of justice factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery

---

[1] Plaintiffs filed this motion under Local Rule 7-2, which generally allows 14 days to respond, instead of as an administrative motion under Local Rule 7-1. (*See* Dkt. 11 at p.2).

process the request was made." *Am. LegalNet*, 673 F. Supp. 2d at 1067 (quoting *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)). Plaintiffs may not "burden [d]efendants with expedited discovery that may be nothing more than superfluous evidence in establishing the elements necessary to obtain a preliminary injunction." *Rovio Entm't*, 907 F. Supp. 2d at 1100.

## II.    ARGUMENT

Plaintiffs have not shown good cause to deviate from the discovery process outlined in Rule 26, the Local Rules, and the Court's Standing Order. Plaintiffs must show good cause and are not entitled to expedited discovery "merely because [they] seek[] a preliminary injunction." *Am. LegalNet*, 673 F. Supp. 2d at 1066. In addition to the irreparable harm required to support a preliminary injunction, Plaintiffs also must establish good cause to support expediting discovery; they cannot simply assert one to get the other. *See id.* Plaintiffs' delay in bringing this suit—a year and a half after Upwork launched the app at issue (*see* Fritz Decl. ¶ 7, Ex. C), five months after they allege they learned of their competitor's app (*see* Complaint ¶ 35), and more than three months after their single email exchange with Upwork's legal team (*see* Complaint ¶ 40 Fritz Decl. ¶ 3)—"implies a lack of urgency and irreparable harm." *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (quoting *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") And Plaintiffs have not established good cause for expedited discovery.

*First*, Plaintiffs' requests are entirely too broad for expedited discovery, reflecting the categories of information more typical of formal discovery in a trademark case. Plaintiffs' requests are not "tailored for the sole purposes of [identifying parties or] crafting a motion for preliminary injunction." *Facebook, Inc. v. Various, Inc.*, No. C-11-01805-SBA DMR, 2011 WL 2437433, at *3 (N.D. Cal. June 17, 2011). And Plaintiffs do not even attempt to argue that they lack specific information that would support their preliminary injunction briefings. (*See* Dkt. 11 at 5-6). Instead, Plaintiffs seek detailed confidential information from its competitor like the names of *all* people involved with Upwork's branding decisions (Dkt. 11-1, RFP No. 2), Upwork's

target market (Dkt. 11-2, Rog No. 4), and Upwork's average consumer demographics (Dkt. 11-2, Rog. 5). While such requests may be common in formal discovery in trademark cases, they do not necessitate expedited discovery and instead look suspiciously like an effort to use litigation to gain competitive information in an expedited fashion. Contrary to their statement, Plaintiffs' requests are extremely broad in scope. Moreover, they have made no showing why these broad requests are necessary for their motion to be decided. *See Rovio Entm't*, 907 F. Supp. 2d at 1100 (denying expedited discovery where it is not "essential for the preliminary injunction"). Indeed, they concede the contrary. (Dkt. 11 at 5-6, discussing "public information").

*Second*, while Plaintiffs attempt to justify this expedited discovery on the grounds that it "is expected to assist the Court" ruling on the preliminary injunction (Dkt. 11 at 6), they concede that it is not essential by asserting that their motion for TRO and preliminary injunction and allegations of harm are based on "publicly available information." (Dkt. 11 at 5-6). Plaintiffs' apparent purpose is to extract information from a competitor quickly, before demonstrating any entitlement to relief. Even if their reason were case efficiency, a plaintiff's desire to "be more efficient" is not a "persuasive reason for deviating from [civil] procedure." *Megaupload, Ltd. v. Universal Music Group, Inc.*, No. 11-CV-6216 CW JSC, 2012 WL 243687, at *3 (N.D. Cal. Jan. 25, 2012). To the contrary, common purposes for expedited discovery include identifying parties or preventing destruction of evidence, neither of which applies here. *See id.* at *1.

*Third*, collecting and producing broad discovery for a trademark case on the expedited schedule Plaintiffs propose would be burdensome for and highly prejudicial to Upwork. On August 31, 2020, providing only hours of advance notice and no meaningful chance to confer, Plaintiffs filed: (1) the Complaint; (2) the Motion for TRO and Preliminary Injunction; (3) the Motion for Expedited Discovery; and (4) the Motion to Shorten Time. (*See* Fritz Decl. ¶ 2; Complaint ¶ 40; Dkt. 1, 6, 7, 11, 12). Plaintiffs seek a hearing on their Motion for TRO and Preliminary Injunction two weeks after their filing date.[2] While Plaintiffs have spent the last five months preparing this case, Upwork must urgently defend its interests against each of these filings. Upwork can properly search, collect, review, and produce responses to the information

---

[2] Upwork opposes this shortened briefing schedule in a separate brief.

Plaintiffs seek once discovery opens. The additional burden of expedited discovery would prejudice Upwork by requiring it to engage in the discovery process simultaneously with preparing its oppositions to Plaintiffs' various motions. This would severely disrupt Upwork's operations. And a cursory review of the scope of their requests makes it apparent that they will impose a great burden on Upwork, rather than a "minimal" one as Plaintiffs contend. (*See* Dkt. 11 at 6; Dkt. 11-1, Dkt. 11-2, Dkt. 11-3). (*See, e.g.*, RFP 2 and 6 seeking discovery related to all uses of and persons using the "mark (or term) FREELANCER," RFP 3 and Rog 1 seeking a full investigation into allegations of confusion). Such prejudice outweighs any limited interests that may be served by expedited discovery in this matter. *See Am. LegalNet*, 673 F. Supp. 2d at 1066.

*Lastly,* Plaintiffs rush to file *ex parte* and without meeting and conferring with Upwork directly contradict this Court's rules and fail to establish good cause. Standing Order ¶ 3; Civil L.R. 37-1. Plaintiffs filed this request for expedited discovery within hours of filing the lawsuit and two days before serving Upwork. (*See* Dkt. 11, Fritz Decl. ¶ 2). It comes far in advance of the typical discovery process. *See* Fed. R. Civ. P. 26. Upwork seeks adherence to a typical discovery schedule, in compliance with the governing rules, for all parties. The discovery Plaintiffs seek should be pursued "within the structure and supervision afforded by a court-approved scheduling order under Fed. R. Civ. P. 16(b)." *Am. LegalNet*, 673 F. Supp. 2d at 1071 (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 421 (D. Colo. 2003).

Plaintiffs proceeded with this application *ex parte* and did not offer to confer with Upwork despite the Court's Standing Order and Local Rules requiring a good faith effort to confer before filing discovery motions. Standing Order ¶ 3; Civil L.R. 37-1. These procedural defects provide a sufficient basis to deny Plaintiffs' request.

**III.   CONCLUSION**

Plaintiffs have not shown good cause to expedite discovery, particularly after months of delay in bringing this case. Expedited discovery here would prejudice Upwork more than it would benefit the interests of justice. To the extent the Court determines some expedited discovery would inform the parties' preliminary injunction briefings, Upwork requests proportional discovery from Plaintiffs in return, on the same timeline.

| | | |
|---|---|---|
| Dated: September 4, 2020 | | FENWICK & WEST LLP |

By: *s/ Kathryn J. Fritz*
Kathryn J. Fritz

Attorney for Defendants UPWORK INC. and UPWORK GLOBAL INC.