UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREELANCER INTERNATIONAL PTY LIMITED, et al., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br> UPWORK GLOBAL, INC., et al., <br><br>　　　　Defendants. | Case No. 20-cv-06132-SI <br><br> **ORDER DENYING PLAINTIFFS' REQUEST FOR EXPEDITED BRIEFING AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR EXPEDITED DISCOVERY** <br><br> Re: Dkt. Nos. 6, 7, 11, 12 |

On August 31, 2020, plaintiffs Freelancer Technology Pty Limited ("Freelancer Tech") and Freelancer International Pty Limited ("Freelancer Intl") (collectively "plaintiffs" or "Freelancer") filed a complaint alleging ten causes of action,[1] including various federal and state trademark infringement and unfair competition claims against defendants Upwork Inc. and Upwork Global Inc. (collectively "defendants" or "Upwork"). Dkt. No. 1 (Complaint). Plaintiffs and defendants are competitors in the market for software platforms that match freelancers with freelancing jobs. Dkt. No. 1 ¶¶ 45, 50. Plaintiff Freelancer Tech holds the federally registered trademark[2] to the word mark "FREELANCER" for the goods and services provided under Classes 9, 35, 36, and 45. Dkt. No. 1 ¶¶ 24, 26, 29-32 (Complaint); Dkt. No. 1-1 (Exhibit 1).

---

[1] Specifically, plaintiffs allege the following causes of action: (1) Counterfeiting; (2) Federal Trademark Infringement; (3) Federal Unfair Competition; (4) California Unfair Competition; (5) Common Law Unfair Competition; (6) Common Law Trademark Infringement; (7) Common Law Trade Name Infringement; (8) Tortious Interference with Prospective Economic Advantage; (9) California Anti-Phishing Act; and (10) California False Advertising.

[2] U.S. Reg. No. 4,284,314 issued on February 5, 2013, from trademark application serial no. 77/983,284 that was filed on March 3, 2010.

Before the Court are four motions, namely: (1) motion for leave to file excess pages for motion for temporary restraining order ("TRO")[3]; (2) motion for TRO and order to show cause why preliminary injunction should not be issued; (3) ex parte application for expedited discovery; and (4) a motion to shorten time for briefing and hearing on plaintiffs' motion for preliminary injunction. Dkt. Nos. 6, 7, 11, 12.

On April 1, 2020, allegedly as soon as plaintiffs became aware of defendants' alleged infringement, Freelancer Limited's CEO, Mr. Barrie, emailed Upwork's CEO, Ms. Brown, to give notice of such infringement. Dkt. No. 1 ¶ 35 (Complaint); Dkt. No. 8 ¶¶ 1, 16-17 (Barrie Decl.); Dkt. No. 8-3 (Exhibit 3). Mr. Barrie sent follow up emails on April 3 and 14 but allegedly received no reply from defendants. Dkt. No. 1 ¶¶ 36-38 (Complaint); Dkt. No. 8 ¶¶ 18-19 (Barrie Decl.); Dkt. No. 8-3 (Exhibit 3).

On April 28, 2020, plaintiffs' outside counsel sent defendants notice by email and certified U.S. mail, identifying alleged illegal uses of Plaintiffs' "FREELANCER" mark. Dkt. No. 1 ¶ 39. On May 14, 2020, defendants responded, saying they were "currently looking into the matter and [would] get back to [defendants] soon"; however, defendants did not cease use of the "FREELANCER" mark. Dkt. No. 1 ¶¶ 40-41. Between May 14, 2020 and August 31, 2020, it appears that there was no communication between the parties. Dkt. No. 24 ¶ 3 (Fritz Decl. in Support of Opp'n re Mot. to Shorten Time).

On August 31, plaintiffs notified defendants of this action, which was filed the same day. Dkt. No. 24 ¶ 2 (Fritz Decl.). Although defendants reached out to plaintiffs the evening of August 31 and the next day, defendants argue there was "no meaningful opportunity to confer before" defendants filed their motions. Dkt. No. 23 at 3[4] (Opp'n re Mot. to Shorten Time).

---

[3] Plaintiffs request two additional pages over the 25-page limit for their Ex Parte Motion for Temporary Restraining Order and for an Order to Show Cause Why Preliminary Injunction Should not be Issued. Dkt. No. 6 at 2 (Mot. to File Excess Pages). The motion is GRANTED, but such an allowance is unlikely to be made in the future. This is a straightforward trademark infringement action and the typical page limits should provide ample space for the parties to present their arguments to the Court.

[4] For ease of reference, citations to page numbers refer to the ECF branded number in the upper right corner of the page.

## I.     Motion to Shorten Time & Motion for Temporary Restraining Order

In support of their motions to shorten time and for a temporary restraining order, plaintiffs argue time is of the essence because every day defendants allegedly continue infringing the "FREELANCER" trademark, potential users of plaintiffs' software and platform are being confused and diverted to defendants' software and platform. Dkt. No. 12 at 3 (Mot. to Shorten Time). "Plaintiffs estimate that up to as many as 1,800 users per day or 56,000 users per month are diverted into [d]efendants' business and away from [p]laintiffs' business." Dkt. No. 7 at 25 (Mot. for TRO). Therefore, plaintiffs seek a TRO to preserve the status quo ante (which would require substantial changes in the current status quo) and prevent irreparable harm from occurring until a hearing can be held on a preliminary injunction, citing *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 429, 94 S. Ct. 1113 (1974).

Defendants oppose both the motion to shorten time and TRO arguing that "freelancer" is a generic word and the dispute is not urgent because defendants "launched the current iteration of its mobile apps in January 2019." Dkt. No. 23 at 4-5 (Opp'n re Mot. to Shorten Time). Defendants contend that a normal briefing schedule is sufficient and that plaintiffs are not entitled to an urgent remedy because they waited five months before seeking any form of relief from this Court. *Id.* at 5; *see, e.g., Rovio Entm't Ltd. v. Royal Plush Toys, Inc.,* 907 F. Supp. 2d 1086, 1097 (N.D. Cal. 2012) (plaintiff's six month delay in requesting a TRO "militates against its issuance" in contrast to several other TROs sought urgently by parties ranging from zero to ten days after the alleged harm).

The Court is not persuaded, under all these circumstances, that plaintiffs are entitled to shorten time as requested. A preliminary injunction hearing is set for early October, which should protect all parties. The Court therefore DENIES plaintiff's motion to shorten time and for a temporary restraining order.

## II.     Motion for Expedited Discovery

Plaintiffs also request limited expedited discovery from defendants in connection with the alleged unauthorized use of the 'Freelancer' trademark. Dkt. No. 11 at 2 (Mot. for Expedited

Discovery); Dkt. No. 11-1-3 (Exhibits A-C). Specifically, plaintiffs request responses to (1) requests for production of documents, (2) special interrogatories, and (3) requests for admission. The requests seek documents and information including when defendants began using the mark, when defendants became aware of plaintiffs' mark, and instances where any person was confused as a result of defendants' alleged infringement of the mark.

A district court may permit expedited discovery "upon a showing of good cause." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*. To determine whether good cause justifies expedited discovery, courts often consider factors including "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (quoting *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006)).

The Court DENIES plaintiffs' motion with respect to the requests for production of documents and special interrogatories because neither are narrowly tailored. Although a preliminary injunction is pending, the breadth of these discovery requests and burden on the defendants is significant. For example, responding to the requests would require Upwork to produce all documents relating to any instances of mark confusion, all the people involved in defendants' branding decisions, target market, customer base, and average consumer demographics, including level of sophistication and purchasing habits. Dkt. No. 25 at 3-4 (Opp'n re Mot. for Expedited Discovery); Dkt. No. 11-1, 2 (Exhibits A, B). Likewise, the special interrogatories are also overbroad. For example, special interrogatory number 2 asks Upwork to identify "all of the goods and services in connection with which you have used or are using any mark (*or term*) FREELANCER and/or any mark *or phrase containing the term* FREELANCER." Dkt. No. 11-2 at 6 (emphasis added). Given that plaintiffs contend the Court could issue a TRO and a preliminary injunction based on public information already available to plaintiffs, these expansive discovery

requests are overbroad and unduly burdensome. Dkt. No. 11 at 5 (Mot. for Expedited Discovery).

Plaintiffs motion for expedited discovery is GRANTED with respect to plaintiffs' requests for admission. Plaintiffs' requests for admission are narrowly tailored and go to the heart of the preliminary injunction motion. Five straightforward requests for admission are not burdensome. Here, with a preliminary injunction pending, the factors weigh in favor of permitting this request.

### III. Briefing Schedule & Deadlines

Plaintiffs' ex parte motion for shortened time and for a temporary restraining order is DENIED.

Plaintiffs' ex parte motion for expedited discovery is GRANTED as to the requests for admissions and DENIED with respect to the requests for production of documents and special interrogatories.

Upwork's opposition to plaintiffs' request for a preliminary injunction is due on or before **Friday September 18, 2020**. **Further, on or before September 18, Upwork must serve its response to plaintiffs' requests for admission.**

Plaintiffs' reply in support of a preliminary injunction is due on or before **Friday September 25, 2020**.

A hearing regarding whether a preliminary injunction should issue will take place at 10 a.m. on Friday October 9 via Zoom. The parties will be provided with the necessary login information by the Courtroom Deputy the week of the hearing.

**IT IS SO ORDERED**.

Dated: September 9, 2020

SUSAN ILLSTON
United States District Judge