Andrew T. Oliver (Cal Bar No. 226098)
Michael C. Ting (Cal Bar No. 247610)
AMIN, TUROCY & WATSON LLP
160 West Santa Clara Street, Suite 975
San Jose, CA  95113
Telephone: 650-393-0634
Email:  aoliver@ATWiplaw.com
         mting@ATWiplaw.com

Perry S. Clegg (*admitted pro hac vice*)
KUNZLER BEAN & ADAMSON, PC
50 W. Broadway, Suite 1000
Salt Lake City, UT 84101
Tel.: (801) 994-4646
Fax: (801) 531-1929
Email:  pclegg@kba.law

Attorneys for Plaintiffs
Freelancer Technology Pty Limited and
Freelancer International Pty Limited

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREELANCER TECHNOLOGY PTY LIMITED and FREELANCER INTERNATIONAL PTY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>UPWORK INC. and UPWORK GLOBAL INC.,<br><br>Defendants. | Case No. 3:20-cv-06132-SI<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Freelancer Technology Pty Limited and Freelancer International Pty Limited (collectively "Plaintiffs" or "Freelancer") hereby oppose, pursuant to Civil L.R. 7-11(b), Defendants' Administrative Motion for Leave to File Surreply (ECF No. 45).  This motion is supported by the proposed order submitted herewith.

Defendants' motion for surreply should be denied on both procedural and substantive grounds.

Procedural Denial

Procedurally, Defendants did not comply with two separate requirements of Civil L.R. 7-11(a).

First, Civil L.R. 7-11(a) requires that such motion "must be accompanied … by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." No such stipulation or declaration accompanies the motion. Defendants did not contact Plaintiffs' counsel in advance of filing the motion.

Second, Civil L.R. 7-11(a) requires that the motion "must be accompanied by a proposed order." Plaintiffs did not include a proposed order. The specific relief sought is unclear.

Finally, surreplies are disfavored in this district. *Darius Mostowfi v. I2 Telecom Int'l, Inc.*, No. C 03-5784 VRW, 2005 U.S. Dist. LEXIS 51781, at *53 (N.D. Cal. May 23, 2005) ("Plaintiffs move to file a surreply (Doc #105), a practice the court strongly disfavors. Accordingly, plaintiffs' motion is DENIED."). Without a compelling basis for a surreply (as explained below), the request for a surreply should be denied.

The procedural failings provide adequate basis for denying the motion.

Substantive Denial

In addition to the procedural impropriety of the motion, Defendants motion should be denied substantively, because Plaintiffs' reply fairly responded to the arguments raised by Defendants. And Defendants' argument regarding the alleged shifting of scope of the proposed preliminary injunction can be easily discarded by recognizing that Defendants are intentionally misreading the proposed injunction order to gain advantage; in particular, the text of the amended proposed injunction did not change except to clarify what should have already been obvious to defendants and to provide for the brief period needed for Defendants to stop using Plaintiffs' mark, changes which require minimal effort and time by Defendants, but which will yield a significant reduction in infringement and do so without adversely affecting the third parties about whom Defendants express concern.

Defendants allege that a surreply is needed because Plaintiffs changed the scope of relief sought. This can easily be disproven by a simple comparison of the original and amended proposed

1  injunction, which both contain the <u>exact same language</u> in the three paragraphs of restrictions.  *Compare*
2  ECF No. 7-1 p. 3 to ECF No. 43-1 p. 3.  In the amended order, this is followed by clarifications of the
3  requested relief that should have already been clear to Defendants, but of which Defendants feigned
4  misunderstanding.  ECF No. 43-1 p. 3.  Thus, the added clarifications do not change what was already
5  present in the proposed order.

6  From the opening pages of Plaintiffs' motion for preliminary injunction, Plaintiffs made clear
7  that the issues addressed by the motion for preliminary injunction were twofold: "After a user installs
8  Defendants' software on a smart phone, they are presented with an icon to launch the software, the
9  icon is titled 'Freelancer.'  This is a direct counterfeit…" and "within Defendants' software, the user is
10 informed, 'This is a Freelancer account,' leading users to believe that they are interacting with Plaintiffs,
11 not Defendants."  ECF No. 7 pp. 7:19-20 and 8:8-10.  And it is clear from the opening brief that
12 Plaintiffs did not complain about "referential" uses, as shown in the opening brief where it
13 distinguishes "an Upwork account for freelancers."  *Id.* at 8:14.  In fact, the opening brief made no
14 complaint about the use of "Upwork for freelancers" that Defendants now raise.

15 Rather, referring to the documents cited by Defendants in Defendants' brief, it is plain that
16 Plaintiffs always sought to enjoin the use of "Freelancer" as a "mark," not use in other forms.
17 Defendants are intentionally or willfully misrepresenting the relief sought in an attempt to gain a
18 disfavored surreply.  Contrary to Defendants' positions, and contrary to the ongoing misrepresentation
19 by Defendants of Plaintiffs' positions, Plaintiffs have had a firm, unchanged position from the opening
20 brief through now, i.e., that Defendants should not be permitted to engage in ongoing counterfeiting
21 and trademark infringement.

22 A surreply is improper here.

23 <u>Objections to Reply Declarations</u>

24 Defendants purport to move to strike the reply declarations, though no proposed order or basis
25 for such motion is provided.  Civil L.R. 7-3(d)(1) permits objections to reply evidence, but prohibits
26 "further argument on the motion."  Unfortunately, Defendants included almost two pages of

3

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION
Case No. 3:20-cv-06132-SI

1  impermissible "further argument on the motion" before reaching the objections.  And nothing in the
2  rule authorizes a motion to strike.
3      With respect to the declarations themselves, as there is no proper motion to strike the
4  declarations and the proper procedure is to object under Civil L.R. 7-3(d)(1), followed by the hearing.
5  Plaintiffs note that each of the declarations was submitted in direct response to arguments raised by
6  Defendants in their opposition brief; each was proper.  Beyond this statement, Plaintiffs will be
7  prepared to respond to the objections at the hearing so as to avoid briefing that is not permitted by the
8  local rules.

Respectfully submitted,

Dated:  October 6, 2020

By:  __/s/ Andrew T. Oliver_____
    ANDREW T. OLIVER


Andrew T. Oliver (Cal Bar No. 226098)
Michael C. Ting (Cal Bar No. 247610)
AMIN, TUROCY & WATSON LLP
160 West Santa Clara Street, Suite 975
San Jose, CA  95113
Telephone: 650-393-0634
Email:  aoliver@ATWiplaw.com
        mting@ATWiplaw.com

Perry S. Clegg (*admitted pro hac vice*)
KUNZLER BEAN & ADAMSON, PC
50 W. Broadway, Suite 1000
Salt Lake City, UT 84101
Tel.: (801) 994-4646
Fax: (801) 531-1929
Email:  pclegg@kba.law

Attorneys for Plaintiffs
Freelancer Technology Pty Limited and
Freelancer International Pty Limited

4
PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION
Case No. 3:20-cv-06132-SI