UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREELANCER INTERNATIONAL PTY LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UPWORK GLOBAL, INC., et al., <br><br> Defendants. | Case No. 20-cv-06132-SI <br><br> **ORDER RE DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 7, 43, 45, 51, 52 |

On October 22, 2020, the Court held a hearing on defendants' motion to dismiss plaintiffs' complaint. Having considered the papers submitted and the arguments made, the Court hereby DENIES the motion in its entirety.

On August 31, 2020, plaintiffs Freelancer Technology Pty Limited ("Freelancer Tech") and Freelancer International Pty Limited ("Freelancer Intl") (collectively "plaintiffs" or "Freelancer") filed the instant action. Dkt. No. 1 (Compl.). The complaint alleges ten causes of action[1] against defendants Upwork Inc. and Upwork Global Inc. (collectively "defendants" or "Upwork"). Dkt. No. 1 (Compl.). The Court denied plaintiffs' request for a preliminary injunction finding defendants were unlikely to succeed on the merits. Dkt. No. 53 (Order Denying PI). Plaintiffs appealed the Court's denial of their request for preliminary injunction, which the Ninth Circuit panel unanimously affirmed. Dkt. No. 66 (Ninth Circuit Opinion Affirming PI Denial). Now defendants move to dismiss four causes of action in the complaint, specifically: claim 1 (Counterfeiting), claim

---

[1] The ten causes of action are: (1) Counterfeiting; (2) Federal Trademark Infringement; (3) Federal Unfair Competition; (4) California Unfair Competition; (5) Common Law Unfair Competition; (6) Common Law Trademark Infringement; (7) Common Law Trade Name Infringement; (8) Tortious Interference with Prospective Economic Advantage; (9) California Anti-Phishing Act; and (10) California False Advertising.

8 (Tortious Interference with Economic Advantage), claim 9 (violation of California's Anti-Phishing Act), and claim 10 (False Advertising).² Dkt. No. 72 (Motion to Dismiss).

While defendants successfully opposed plaintiffs' preliminary injunction, with this Court as well as the Ninth Circuit agreeing plaintiffs failed to carry their burden showing they are likely to succeed on the merits, the standard on a motion to dismiss is a far lower bar. Plaintiffs must merely allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, the court must assume the plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

As the Court expressed during the October 22, 2021 hearing, the Court would feel very differently were the present motion seeking summary judgment – especially with respect to claim 1 for counterfeiting. However, keeping in mind the standard on a 12(b)(6) motion, as well as relatively sparse case law with respect to several of claims upon which defendants move (especially claim 9 for phishing), the Court finds claims 1, 8, 9, and 10 are adequately plead for purposes of surviving a motion to dismiss.

**IT IS SO ORDERED**.

Dated: November 9, 2021

SUSAN ILLSTON
United States District Judge

---

² The Court would like to commend the parties for the quality of briefing on the motion to dismiss. Plaintiffs and defendants did a truly outstanding job of teeing up the issues.