UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREELANCER INTERNATIONAL PTY LIMITED, et al.,

Plaintiffs,

v.

UPWORK GLOBAL, INC., et al.,

Defendants.

Case No. 20-cv-06132-SI (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 104

The parties have filed a joint statement re: discovery dispute, ECF No. 104, in which Upwork moves to compel on its interrogatories ("rogs") 1, 3 and 5 and its requests for production ("RFPs") 6-18, 20, 25, 32, 39, 40, 44, 57, 58, 66, 70, 88-91, 94. Upwork contends this discovery is relevant to Freelancer's alleged injuries and damages, alleged consumer confusion, third party use and financial information. Freelancer generally does not dispute the relevance of this discovery in its arguments in ECF No. 104, although sometimes it does in its underlying objections.

Freelancer argues that the discovery requests were not "signed" within the meaning of Rule 26(g)(1), and therefore Freelancer has no obligation to respond to them, because each signature line says "*/s/ Bobby A. Ghajar*." However, Freelancer is wrong because electronic signatures are sufficient under Rule 26(g)(1) and indeed are the normal way attorneys sign documents nowadays.

Freelancer disputes that the parties sufficiently met and conferred, but with Freelancer taking the position that it had never been validly served with any discovery requests (because of the "signed" issue), and given the sorry state of Freelancer's discovery responses, the Court thinks that Upwork has done enough.

1        Freelancer argues that the discovery dispute is unripe because its documents are in
2 electronic form, requiring identification and prioritization of custodians and filtering of
3 electronically stored information ("ESI").  While it is true that custodians must be identified and
4 ESI must be searched, that really has nothing to do with the unacceptable content of Freelancer's
5 RFP responses.  Also, since fact discovery closes in less than four months, *see* ECF No. 100, when
6 it comes to identifying custodians and searching ESI, Freelancer should hop to it.
7        Substantively, Freelancer complains that its rog responses concerning damages will rely in
8 part on documents that Upwork has yet to produce.  It's fine for Freelancer to amend its rog
9 responses later to include information that is produced by Upwork, but that doesn't mean
10 Freelancer has no obligation to serve responses now based on the information available to it.
11 Freelancer filed this lawsuit and moved for a preliminary injunction, so it must have thought it was
12 being damaged, and Upwork can take discovery about that.  Freelancer argues that it is premature
13 to seek expert testimony regarding damages, and while that is true, it does not absolve Freelancer
14 of the obligation to answer the rogs with the factual information available to it.
15        The Court grants the motion to compel as to rogs 1, 3 and 5 and orders Freelancer to serve
16 amended responses within 30 days.  These rogs seek relevant and proportional discovery.  They do
17 not each count as more than one rog because the various pieces of information they ask about are
18 logically and factually related.  To be sure, these are contention rogs, so the Court will not be
19 surprised if Freelancer further amends its responses as it learns more in discovery.  However, as of
20 now, Freelancer has provided essentially no answer at all, which is unacceptable.
21        The Court grants the motion to compel as to RFPs 6, 9, 14, 15, 17, 18, 20, 32, 39, 40, 44,
22 57, 58, 70, 88, 89, 90, 91, and 94, but limits Freelancer's production obligation to a reasonable
23 number of custodial and non-custodial sources.  The Court orders Freelancer to determine what
24 those reasonable custodial and non-custodial sources are and to inform Upwork within 14 days.  If
25 Upwork wants to meet and confer with Freelancer concerning document sources and search
26 methodology, it shall initiate such a meet and confer.  Otherwise, Freelancer shall comply with its
27 legal obligation to determine the appropriate document sources and a reasonable way to search
28 them for responsive materials.  The Court orders the parties to meet and confer regarding the time

United States District Court
Northern District of California

frame for document productions, and in the event of a dispute they cannot resolve, to file a joint discovery letter brief.

The Court grants the motion to compel as to RFPs 7, 8, 10, 11, 12, 13, and 66.  These are "sufficient to show" RFPs, so it is unnecessary for the Court to specify that only a reasonable number of sources need be searched, as the RFPs do not purport to ask for "all" documents on a given subject.  As above, the parties shall meet and confer regarding production timelines and may raise any disputes with the Court.

The Court denies the motion to compel as to RFP 16.  In general, it will not be possible for Freelancer to know if a document is responsive to RFP 16, as responsiveness hinges on what some other person believed.  The Court denies the motion to compel as to RFP 25 because it is overbroad and not proportional to the needs of the case.

**IT IS SO ORDERED.**

Dated: May 20, 2022

THOMAS S. HIXSON
United States Magistrate Judge

3